FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 31, 2019

SEAN F. MCAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK M.,<br>          Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>          Defendant. | No. 1:18-cv-03029-MKD<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>ECF Nos. 15, 19 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 19. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's Motion, ECF No. 15, and denies Defendant's Motion, ECF No. 19.

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ORDER - 2

ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

ORDER - 3

gainful activity," the Commissioner must find that the claimant is not disabled. 20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two. At this step, the Commissioner considers the severity of the

claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity. 20 C.F.R. §

416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and

award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the

severity of the enumerated impairments, the Commissioner must pause to assess

the claimant's "residual functional capacity." Residual functional capacity (RFC),

defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On May 14, 2014, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of January 1, 2014. Tr. 234-39. The applications were denied initially, Tr. 168-76, and on reconsideration, Tr. 180-86. Plaintiff appeared before an administrative law judge (ALJ) on June 28, 2016. Tr. 82-102. On October 27, 2016, the ALJ denied Plaintiff's claim. Tr. 20-40.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 14, 2014. Tr. 25. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative joint disease of the right shoulder, left shoulder bursitis and degenerative joint disease, degenerative disc disease of the left spine, and depression. Tr. 25.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 26. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can occasionally climb ramps, stairs, ladders, ropes and scaffolds. He has an unlimited ability to balance. He can

occasionally stoop, kneel, crouch, and crawl. He can occasionally reach overhead bilaterally. He can frequently reach bilaterally in all other direction. He can frequently handle, finger, and feel bilaterally. He should avoid concentrated exposure to vibrations and hazards such as moving machinery and unprotected heights. He can understand, remember, and carry out simple, routine, and repetitive tasks. He can have occasional contact with the general public.

Tr. 27.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 33-34. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as assembler, production; cleaner, housekeeping; and hand packager. Tr. 34-35. Alternatively, the ALJ found that even if Plaintiff were limited to sedentary work with the additional restrictions noted in the RFC, Plaintiff could still perform the jobs of escort vehicle driver and document preparer. Tr. 35. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from May 14, 2014, the date the application was filed, through the date of the decision. Tr. 35.

On December 22, 2017, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

ORDER - 7

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the Appeals Council erred in refusing to consider a medical source assessment by Sean Hancock, PA-C, rendered three months after the ALJ's decision;

2. Whether the ALJ properly evaluated the medical opinion evidence; and

3. Whether the ALJ properly evaluated Plaintiff's symptom claims.

ECF No. 15 at 4-20.

**DISCUSSION**

**A. New Evidence Submitted to the Appeals Council**

Plaintiff contends the Appeals Council erred in failing to consider additional medical evidence submitted to the Appeals Council. ECF No. 15 at 4-5; ECF No. 20 at 1. The additional evidence consists of a report dated January 27, 2017, three months after the ALJ's decision, prepared by Plaintiff's treating provider (apparently since 2008), Sean Hancock, PA-C. Mr. Hancock opined that Plaintiff needs to lie down up to four times per day due to his back impairment and chronic pain, and Plaintiff would miss four or more days of work per month due to significant pain and reduced range of motion. Tr. 10-11. He stated Plaintiff was

unlikely to get better and retrospectively opined that these limitations had existed since September 2007.  Tr. 11.

The Appeals Council reviewed the submission, but declined to consider Mr. Hancock's report:

> You submitted medical evidence from Yakima Neighborhood Health dated January 27, 2017 (3 pages).  We find this evidence does not show a reasonable probability that it would change the outcome of the decision.  We did not consider and exhibit this evidence.

Tr. 2.

*a. Legal Standard and Jurisdiction*

The Social Security regulations permit claimants to submit additional evidence to the Appeals Council.  20 C.F.R. § 416.1400(b).  The Appeals Council is required to consider "new" and "material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision" and "there is a reasonable probability that the additional evidence would change the outcome of the decision."  20 C.F.R. § 416.1470(a)(5) and (b) (2017).[1]  Evidence that does not

_____

[1] The regulatory provisions governing the Appeal Council's consideration of new evidence changed in 2017 during the pendency of Plaintiff's appeal at the Appeals Council.  *See* Tr. 8-9 (informing Plaintiff of the change and advising Plaintiff the Appeals Council would find good cause for not submitting additional evidence

meet the threshold criteria is not evaluated as part of the Appeals Council's review on the merits; evidence that meets the criteria is considered by the Appeals Council and is incorporated into the administrative record as evidence "which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Pursuant to agency policy, a copy of evidence not considered by the Appeals Council is nonetheless included as part of the certified administrative record filed with this Court, although by law, the evidence rejected falls outside the scope of the Court's substantial evidence review. *See* Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX"), HALLEX § I-3-5-20, available at https://www.ssa.gov/OP_Home/hallex/I-03/I-3-5-20.html (addressing how additional evidence is to be handled when the Appeals Council denies a request for review and does not consider the evidence, stating a copy of the evidence will be

_____

earlier."). The prior version of the regulation was in effect until January 16, 2017 and the new version cited here, effective January 17, 2017, required compliance by claimants by May 1, 2017. *See* Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90987-01, 90987, 2016 WL 7242991 (Dec. 16, 2016).

ORDER - 10

associated in the file and "included in the certified administrative record if the case is appealed to Federal court").

Where, as in this case, the Appeals Council refused to consider the additional evidence, it was not made part of the evidence contained in the administrative record that is subject to this Court's substantial evidence review. *Brewes*, 682 F.3d at 1163 (9th Cir. 2012); *see Ruth v. Berryhill*, No. 1:16–CV–0872–PK, 2017 WL 4855400 (D. Or. Oct. 26, 2017) (citing other district court decisions in the Ninth Circuit holding that that new evidence that the Appeals Council looked at and then rejected did not become part of the administrative record subject to the Court's substantial evidence review).

Plaintiff contends the Court has authority to review the Appeals Council's failure to consider the additional evidence for legal error under *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228 (9th Cir. 2011).[2] ECF No. 15 at 5.

---

[2] It is well established that the Appeals Council's denial of Plaintiff's request for review is not subject to judicial review. 42 U.S.C. § 405(g); *Brewes*, 682 F.3d at 1161 ("We have held that we do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action.").

As an initial matter, the Court notes that this case does not fall squarely within the factual situation presented in *Taylor*. *Taylor* involved a psychiatric evaluation and medical source statement that were "lost" "[s]omewhere in the shuffle" and the Appeals Council failed to consider them. 659 F.3d at 1233. The Ninth Circuit held that the Appeals Council's complete silence and failure to acknowledge the new and material evidence in accordance with the relevant regulations made remand (pursuant to sentence four of 42 U.S.C. § 405(g)) appropriate, "so that the ALJ [could] reconsider its decision in light of the additional evidence." *Id*. As such, *Taylor* involved error based upon the Appeals Council's failure to evaluate the evidence at all. *Id*.

However, in the discussion in *Taylor*, the Ninth Circuit also noted that "if the Appeals Council rejected [the new evidence] because it believed it to concern a time after [the Plaintiff's] insurance expired, its rejection was improper." *Taylor*, 649 F.3d at 1232. Numerous district courts have since applied *Taylor* as authority to review the Appeals Council's explicit refusal to consider new evidence for legal error and to order remand under sentence four. *See, e.g., Morton v. Colvin*, 2:15-cv-00034-RMP, 2016 WL 1089264 (E.D. Wash. Mar. 18, 2016) (finding *Taylor* the appropriate controlling precedent and remanding the matter due to the Appeals Council's improper rejection of evidence based on its timing); *Parker v. Comm'r of Soc. Sec.*, No. 2:16-cv-00087-SMJ, 2017 WL 4158617 (E.D. Wash. Sept. 19,

ORDER - 12

2017) (distinguishing *Taylor* and concluding the Appeals Council did not error as the additional evidence did not appear "new and material"); *Congreve v. Colvin*, No. 13-cv-00031-TOR, 2014 WL 1155560 (E.D. Wash. Mar. 21, 2014) (remanding due to Appeals Council's error in failing to consider psychological evaluation and mental assessment prepared after the ALJ's denial of Plaintiff's application which satisfied the criteria for consideration); *Jones v. Colvin*, No. 6:15-cv-00905-SB, 2016 WL 6584929 (D. Or. Sept. 30, 2016) (collecting district court cases).  Other circuit courts have also held that whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review.  *See, e.g., Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2016) ("If the Council determined [the plaintiff's] newly submitted evidence was, for whatever reason, not new and material, and therefore deemed the evidence 'non-qualifying under the regulation,' we retain jurisdiction to review that conclusion for legal error."); *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000); *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003); *Washington v. Soc. Sec. Admin*, 806 F.3d 1317, 1321 (11th Cir. 2015) ("when the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate").

   *b.  Analysis*

   Defendant presents no argument in opposition to Plaintiff's contention that *Taylor* applies.  ECF No. 19 at 18.  Defendant does not contest the Court's

ORDER - 13

jurisdiction to decide whether the Appeals Council was required to consider the additional evidence. *Id*. ("…Plaintiff has not met his burden to show that the agency erred."). Defendant also does not defend the Appeals Council's materiality finding, which Plaintiff claims was erroneous. *Id*. Accordingly, the Court considers these arguments waived. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (issue not raised in opening appellate brief deemed waived); *Wilcox v. Commissioner*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1998) ("[a]rguments not addressed in a brief are deemed abandoned").

### i. New and Related to the Period of Alleged Disability

Here, there is no dispute Mr. Hancock's report was new, as it was not available when the ALJ made his decision, and that it relates to the period in question. Medical evidence rendered after the ALJ's decision may still relate to a Plaintiff's conditions during the relevant time period. *See Taylor*, 659 F.3d at 1232-33 (finding new evidence relates to before the ALJ's decision when the new evidence concerns the same ongoing impairments present before the ALJ's decision); *Cunningham v. Apfel*, 222 F.3d 496, 499 n.3 (8th Cir. 2000) (noting that, although examination took place "after the date of the ALJ's decision, doctor's notes indicate that the condition had been ongoing for several years" and "[e]arlier records support the conclusion"); *Bergmann*, 207 F.3d at 1070 (finding that posthearing evidence required remand because it concerned deterioration of

"relatively longstanding" impairment). Mr. Hancock's assessment reflects that he has treated Plaintiff since 2008, well before the ALJ's 2016 decision, and as recently as January 27, 2017. Tr. 10. The assessment concerns chronic lumbar radiculopathy, Plaintiff's longstanding impairment, characterized by Mr. Hancock as a "chronic condition" ongoing since September 2007-- the same impairment for which Plaintiff was treated before the ALJ's decision that is a basis for his disability claim. *See, e.g.*, Tr. 338, Tr. 25. Moreover, Mr. Hancock's assessment indicated the limitations specified in the form dated back to September 2007, which was during the period at issue. Tr. 11.

ii.  Material

As to materiality, the Appeals Council concluded that the evidence was not material when it stated that the evidence did not show a "reasonable probability that it would change the outcome of the decision." Tr. 2; *see Staley v. Massanari*, 17 F. App'x 609, 610 (9th Cir. 2001) (interpreting Appeals Council's decision and citing *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984)). Plaintiff contends this conclusion was improper because if fully credited, Mr. Hancock's opinion would compel a finding of disability at least as of Plaintiff's alleged onset date. ECF No. 15 at 5. Defendant did not contest this contention. ECF No. 19 at 18. First, under regulations in effect for claims filed before March 27, 2017, practitioners such as physician's assistants were

considered "other sources" rather than an "acceptable medical source." 20 C.F.R. § 416.913(d)(2013). Despite Mr. Hancock's status as a non-acceptable medical source, the Social Security Administration (SSA), in SSR 06-03p, available at 2006 WL 2329939, recognized that "[w]ith the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." 2006 WL 2329939, at *32. The SSA recognized that "[o]pinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." *Id*.

Second, while the fact Plaintiff solicited the statement after the ALJ's adverse decision perhaps makes it less persuasive, *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996), it "is not necessarily a ground to discount new evidence entirely." *Staley*, 17 F. App'x at 610.

Third, Mr. Hancock's assessment contradicts the ALJ's interpretation of the medical evidence. It contradicts the ALJ's conclusion that "medical records do not reveal any twelve-month period of disabling impairments." Tr. 29. The ALJ's

decision also turned, in large part, on the rejection of the sole treating provider Dr. Crank's 2014 opinion[3] because it was not supported by the medical record.  Tr. 32. Mr. Hancock's assessment is consistent with Dr. Crank's opinion.  The ALJ also gave great weight to a portion of the opinion of medical expert Dr. Joe Lee because he had the opportunity to review more recent records, yet the ALJ rejected the portion of Dr. Lee's opinion limiting Plaintiff to standing and walking only four hours in a workday based on the lack of explanation for the opinion.  Tr. 31.  There is a reasonable probability Mr. Hancock's recent assessment could have impacted the evaluation of Dr. Lee's opinion.

Finally, it bears noting Mr. Hancock's assessment relates to the same symptom claims made by Plaintiff.  Mr. Hancock's assessment thus appears to have bearing on the issue on the ALJ's evaluation of Plaintiff's symptom claims. Whether Mr. Hancock's assessment can be reconciled with the ALJ's existing adverse determination as to Plaintiff's symptom claims or any of the other remaining issues in the case is for the Commissioner to decide in the first instance.

For these reasons, the Court finds the Appeals Council erred in not considering the new evidence.

_____

[3] Dr. Crank opined Plaintiff was severely limited in a number of basic work activities and was unable to perform sedentary work.  Tr. 350-51.

ORDER - 17

### iii. Good Cause

Defendant's sole contention is that "the Appeals Council had no obligation to consider the evidence" because Plaintiff "has not shown good cause for not submitting this evidence to the ALJ." ECF No. 19 at 18. The court recognizes that claimants should be discouraged from waiting until they receive an adverse determination before seeking out favorable evidence that is readily available. *See Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001); Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90987-01, 90987, 2016 WL 7242991 (Dec. 16, 2016) ("However, we expect that our final rule will help ensure that evidentiary records are more complete at the time of the administrative hearing, which should reduce the need for post-hearing proceedings and help us provide better, more timely service to all claimants.").

Nevertheless, Defendant's argument cannot be sustained here. The Appeals Council's March 24, 2017 notice specifically informed Plaintiff that a showing of good cause was not required: "Because your case was pending at the Appeals Council before our rule about when to give us evidence became effective, we will find that you showed good cause for not submitting additional evidence earlier." Tr. 9. In addition, the Ninth Circuit did not require such a showing in *Taylor*. *Taylor*, 658 F.3d at 1233 (citing to *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir.

1993) (holding that "[t]he Secretary's findings must be reversed if they are tainted

by legal error")).

The Appeals Council was required to consider Mr. Hancock's assessment in

conjunction with Plaintiff's request for review. *Taylor*, 649 F.3d at 1232. Under

*Taylor,* remand is appropriate for the ALJ to consider how the new evidence from

Mr. Hancock could affect each step of the sequential analysis, including any

analysis of Plaintiff's symptom claims. Accordingly, the Court need not address

Plaintiff's remaining allegations of error. *See Taylor*, 659 F.3d at 1235 ("Remand

for further proceedings is appropriate where there are outstanding issues that must

be resolved before a disability determination can be made, and it is not clear from

the record that the ALJ would be required to find the claimant disabled if all the

evidence were properly evaluated."); *see also Congreve*, 2014 WL 1155560, *3

(declining to address Plaintiff's remaining arguments).

**B. Remedy**

Plaintiff urges this Court to credit Mr. Hancock's assessment as true and

remand for an immediate award of benefits, or in the alternative remand for further

proceedings. ECF No. 15 at 1, 5.

"The decision whether to remand a case for additional evidence, or simply to

award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d

1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of

benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, the requirements of the credit-as-true rule are not met as there are outstanding issues requiring further evaluation. Because the new evidence submitted to the Appeals Council was not incorporated into the record as evidence subject to substantial evidence review, the Court may not consider it or credit it as true. *See Armor v. Berryhill*, 743 F. App'x 145 (9th Cir. Nov. 23, 2018) (unpublished) (argument rejected because it was premised upon new medical evidence submitted but not considered by the Appeal Council). Because the Appeals Council improperly failed to consider the new evidence submitted by Plaintiff, remand for further proceedings for consideration of this evidence is warranted. *Taylor*, 659 F.3d at 1233.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 19, is **DENIED**.

3. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further

proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED January 31, 2019.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 22